IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD MICHAEL ANTHONY LEE,
    Petitioner,

vs.                                         Case No.:  3:13cv592/MCR/EMT

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on an amended petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (doc. 5).  Respondent filed a motion to dismiss the petition as impermissibly second or successive, pursuant to 28 U.S.C. § 2244(b) (doc. 24).  Petitioner filed a response to the motion to dismiss (doc. 27).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application.

I.     BACKGROUND AND PROCEDURAL HISTORY

      Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, Case No. 1983-CF-325, of second degree murder and armed robbery (*see* doc. 5 at 1; *see also* doc. 24 at 1).  He was sentenced to concurrent terms of life imprisonment (*see id.*).  The Florida First District Court of Appeal ("First DCA") affirmed the judgment on May 3, 1984.  *See* <u>Lee v. State</u>, 449 So. 2d 406

(Fla. 1st DCA 1984) (Mem). In 1998, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this district court (*see* doc. 24 at 1, 15–20). *See* Lee v. Singletary, Case No. 3:98cv274/LAC/SMN, Petition (N.D. Fla. July 20, 1998). The district court, adopting the report and recommendation of the magistrate judge concluding that the petition was untimely, denied the petition (*see* doc. 24 at 1, 4–9, 13, 14). *See* Lee v. Singletary, Case No. 3:98cv274/LAC/SMN, Report and Recommendation (N.D. Fla. Mar. 2, 1999), Order (N.D. Fla. Mar. 22, 1999).

Petitioner filed the instant § 2254 petition on September 25, 2013 (doc. 1). He challenges the same state court judgment on the ground that his sentence is illegal because it exceeded the maximum sentence under the state statutes and sentencing guidelines (*see* doc. 5 at 1, 5).

II.  ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added). A district court lacks the jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

Here, review of the magistrate judge's report and recommendation in Petitioner's first habeas action, which the district judge adopted, demonstrates that Petitioner's 1998 petition qualified as a first petition for the purpose of determining successor status, because the 1998 federal petition was dismissed as untimely (*see* doc. 24 at 4–9).[1] *See* <u>Villanueva v. United States</u>, 346 F.3d 55, 59–61 (2d Cir. 2003) (habeas petition or § 2255 motion that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes); <u>Altman v. Benik</u>, 337 F.3d 764, 766 (7th Cir. 2003) (a prior untimely petition counts as a first petition because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims). Therefore, the undersigned concludes that the instant petition is "second or successive" for purposes of § 2244(b)(3).

Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. His failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes

---

[1] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* <u>Panetti v. Quarterman</u>, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under <u>Ford v. Wainwright</u>, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled); <u>Slack v. McDaniel</u>, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); <u>Stewart v. United States</u>, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his <u>Johnson [v. United States</u>, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); <u>McGiver v. United States</u>, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); <u>Reeves v. Little</u>, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); <u>Benton v. Washington</u>, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 3:13cv592/MCR/EMT

this district court's consideration of the merits of the petition.  *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corr., 310 F.3d 1287, 1288 (11th Cir. 2002).

III.	CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.	That Respondent's motion to dismiss (doc. 24) be **GRANTED**.

2.	That Petitioner's amended habeas petition (doc. 5) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

3.	That all pending motions be **DENIED as moot**.

4.	That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 2nd day of September 2014.


			*/s/ Elizabeth M. Timothy*
			**ELIZABETH M.  TIMOTHY**
			**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).